JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DAVID V. AMES

**DEFENDANTS**
Corporation of the President of the Church of Jesus Christ of Latter-Day Saints, and William Scott Hanson

**(b)** County of Residence of First Listed Plaintiff   Cumberland Co., Maine
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Utah Co., Utah
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Stephen C. Rubino, Ross & Rubino, LLP, 8510 Ventnor Avenue, Margate, NJ 08402, (609) 487-9864

Attorneys (If Known)
Alan E. Kraus, Latham & Watkins, LLP, One Newark Center, 16th Fl., Newark, NJ 07101, (973) 639-7293

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | | | |

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Diversity of jurisdiction, U.S.C. 1332
Brief description of cause:
Sexual abuse of a minor in New Jersey.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE
07/25/2006

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Dockets.Justia.com

SR-0455
STEPHEN C. RUBINO, ESQUIRE
ROSS & RUBINO, LLP
8510 Ventnor Avenue
Margate, NJ 08402
(609) 487-9864

Attorneys for Plaintiff, DAVID V. AMES

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID V. AMES,<br><br>                        Plaintiff<br><br>    vs.<br><br>CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/k/a the "MORMON CHURCH," and WILLIAM SCOTT HANSON, individually,<br><br>                        Defendants | CIVIL ACTION NO.<br><br>**COMPLAINT AND JURY DEMAND** |

## INTRODUCTION

Plaintiff, DAVID V. AMES, through his undersigned attorneys, in the form of a Complaint, states the following:

## JURISDICTION

1.    The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

2.    Jurisdiction is conferred upon this Court by 28 U.S.C. §1332 *et seq*. The venue of this action is proper under 28 U.S.C. §1391(b). This cause of action sounds in:

      a.    Sexual battery and violation of N.J.S.A. 2A:61B-1 entitled "Sexual Abuse;"

      b.    Negligence and Breach of Fiduciary Duty;

    c.    Intentional Infliction of Emotional Distress; and

    d.    Conspiracy.

## THE PARTIES

1.    Plaintiff, DAVID V. AMES, is a citizen of the State of Maine, residing in the City of South Portland. At all relevant times, the Plaintiff, was a minor and a member of the Church of Jesus Christ of Latter-Day Saints and attended the Mormon Church ward in Ledgewood, New Jersey. Plaintiff was born on July 31, 1986.

2.    Defendant, CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, also known as the "Mormon Church," operates its worldwide affairs as the Corporation of the President of the Church of Jesus Christ of Latter-day Saints and Successors, a Utah Corporation Sole ("COP" or "LDS"), with principal place of business being in the City of Salt Lake City.

3.    COP is a corporation governed by a single individual, the "President" of the Mormon Church. The President wields ultimate and absolute authority within the Mormon Church.  The President of the Mormon Church, Gordon B. Hinckley, is the "Divine Prophet, Seer and Revelator" of the Church and has the authority to appoint and remove anyone in the Mormon Church, including all members of wards and stakes, at will.  The President of the Mormon Church controls everything in the Mormon Church and all of its wards and stakes.  As such, the President of the Church has authority to dictate changes in Church policy, discipline, ecclesiastical doctrine or anything else he so chooses.  The acts of the President, in his capacity

as head of the Mormon Church, are the acts of COP.   COP is registered to do business within, and conducts continuous and systematic activities within the State of New Jersey.

4.    COP administers the Mormon Church through a multi-level structure.  Structurally, the Mormon Church follows a strict hierarchical form. At the local level are "wards," consisting of a geographic area administered by a "bishop" and two counselors which comprise the governing "bishopric." An average size ward would have approximately 250 families.  A cluster of 8-12 wards are grouped into a "stake," which is administered by a "stake president."   Stakes are, in turn, grouped into "areas," which are administered by an "area president." All bishops, stake presidents, and area presidents are answerable, directly or indirectly, to COP and are its agents and servants.  The wards, stakes and areas of the Mormon Church are instruments of COP and are not separate corporate entities.

5.    All members of the Mormon Church are required to tithe 10% of their annual gross income to the Church as a condition of membership.

6.    During all times material to this action, the Plaintiff regularly attended and tithed to the Mormon Church.

7.    The Mormon Church, through the COP and its hierarchal officials, agents or representatives, were, at all relevant times, mandatory child abuse reporters, as required by N.J.S.A. 9:6-8 *et seq.*

8.    Defendant, WILLIAM SCOTT HANSON ("HANSON"), is a citizen of the State of New Jersey, residing at the Adult Diagnostic & Treatment Center in Avenel, Woodbridge Township, Middlesex County. HANSON is a serial pedophile and a life-long compulsive sexual

-3-

predator of boys. He has been convicted in Utah, Wisconsin and New Jersey of molesting and raping young boys. He is presently serving a thirty year sentence in New Jersey and will then serve a consecutive term of forty years for child rape in Wisconsin.

9.    At all relevant times HANSON was raping and molesting boys, he was also serving defendant COP's church as High Priest, Scout leader and Young Men's Leader.

## FACTS

1.    Adherents of the Mormon faith who have been baptized into the Church are known as "members." The President of the Church (and corporate sole of COP) has the power to limit or restrict the capacity in which any member serves the Church, and may place such conditions on a member's service as may be in the interests of the Church and of its members and prospective converts.

2.    Adult male members of the Church are eligible to be ordained as a "Priest." There are various levels of priesthood, including elevation to the rank of "Elder," "Melchizedek" Priest and "High Priest." Elders and Melchizedek and High Priests are held out by the Mormon Church as men that are "morally worthy" and deserving of the trust of its members.

3.    At all relevant times, the Mormon Church assumed special responsibilities toward its members including a disciplinary and red-flagging system meant to identify and track sexual predators and other dangerous individuals within the membership in order to protect innocent members from harm they might inflict.

4.    The Mormon Church is closely affiliated with the Boy Scouts of America. The Mormon Church is the oldest and one of the largest sponsoring organizations of boy scouting in the United

-4-

States. Since 1913 the Mormon Church has used the Scouting program as an integral part of its ministry to boys and young men. Scouting is the exclusive youth activity for males in the Mormon Church.

5.    The Mormon Church knew or should have known that HANSON was a dangerous child molester yet for at least fifteen years repeatedly put him in to positions that gave him access to young boys, dozens of whom he raped and sodomized.

6.    HANSON was known by church authorities to be a sexual offender with children while he was still a teenager.

7.    In approximately 1986, HANSON was a scout leader in a ward of the Mormon church in Provo, Utah. In his capacity as LDS ward scout leader, HANSON sexually abused DC, RS, and MD, in Utah.

8.    HANSON was subsequently arrested and charged with multiple counts of attempted forcible sodomy and aggravated sexual abuse of a child in Utah County, Fourth Judicial District, State of Utah, Criminal No. 87-72.

9.    Hanson pleaded guilty to reduced charges of Lewdness Involving a Child in October 1987.

10.    Robert O. Hansen was HANSON'S ward bishop in 1987. Robert O. Hansen was aware of specific allegations against Hanson, yet spoke as a character witness and argued for leniency at the sentencing hearing. He told the court that HANSON was not a child molester. Hansen told the court that HANSON had merely exercised bad judgment. HANSON was sentenced to probation and therapy.

-5-

11.    On information and belief, HANSON failed to complete court ordered sexual deviancy therapy. Instead, Hanson moved to Texas in 1988 and joined an LDS ward in Dallas.

12.    Bishop Robert O. Hansen informed the bishop of the Dallas LDS ward about HANSON'S criminal law problems in Utah. Notwithstanding HANSON'S known sexual abuse of boys in Utah, church officials in Texas put HANSON in church positions working with youth in the ward.

13.    HANSON moved to West Lafayette, IN, in approximately 1989, and joined a local ward of the LDS church.

14.    In Indiana, HANSON became a scout leader in the local LDS ward. Through his position as ward scout leader, HANSON befriended a church member's family. HANSON began grooming and later sexually abusing their son, PM. HANSON abused PM on scout camp outings in multiple locations including Indiana, Arkansas and Iowa.

15.    HANSON moved to Reston, Virginia, and then to Beaumont, Texas. In Texas, HANSON joined the local ward of the Mormon church and again was put into the church's scouting program. In Beaumont, HANSON abused more boys, including DB.

16.    HANSON moved to Waukesha, Wisconsin, in approximately 1995. He joined the local ward of the Mormon church. The church put him in charge of the Blazers, younger scouts ages 11 to 12. The church also made him Young Men's Leader. In those positions, HANSON sexually abused more boys in Wisconsin including BH.

17.    HANSON moved to Warren County, New Jersey, in approximately 1998, and joined the Ledgewood ward of the Mormon Church. Church authorities again put HANSON into

-6-

scouting and youth leadership positions. In those positions, HANSON raped Plaintiff DAVID V. AMES, a minor at that time, on hundreds of occasions and in multiple locations including Warren, Morris and Middlesex counties, New Jersey, as well as other locations throughout the United States and Canada.

18.  HANSON also brought BH from Wisconsin to New Jersey on his vacations and repeatedly sexually assaulted BH in New Jersey.

19.  Despite being placed in scouting leadership positions in Mormon church wards in Texas, Indiana, Wisconsin and New Jersey, Mormon Church officials never registered HANSON with the Boy Scouts of America.

20.  In 2000, HANSON was arrested and charged with 42 counts of aggravated child sexual abuse in Warren County, New Jersey.

21.  In 2001, HANSON pleaded guilty and was sentenced to multiple concurrent sentences of 15 to 30 years.

22.  In 2004, HANSON was sentenced to a consecutive 40 year term of imprisonment in Waukesha County, Wisconsin.

## FIRST COUNT
## SEXUAL BATTERY AND VIOLATION OF N.J.S.A. 2A:61B-1

1.  Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein under this Count.

-7-

2.    At all times material hereto, the Plaintiff, David V. Ames, was a minor and a resident of the State of New Jersey. He was a member of the Church of Jesus Christ of Latter-Day Saints and attended the Mormon Church ward in Ledgewood, New Jersey.

3.    At all times relevant hereto, specifically in or about 1998 through 2000, HANSON sexually raped, molested, battered and fondled said minor child by subterfuge, duress and force. These acts complained above constitute violation of N.J.S.A. 2A:61B-1 *et seq*.

4.    As a direct and proximate result of the conduct described hereinabove, Plaintiff David V. Ames has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be determined.   As a further result of the sexual abuse, Plaintiff, DAVID V. AMES has incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial.

**WHEREFORE**, Plaintiff, David V. Ames, hereby demands judgment against Defendant WILLIAM SCOTT HANSON for compensatory and punitive damages, interest, costs of suit, attorneys' fees, and such other relief as the court or jury may deem proper.

## SECOND COUNT
## NEGLIGENCE AND BREACH OF FIDUCIARY DUTY

1.    Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein under this Count.

2.    Defendant COP had a "special relationship" with Plaintiff and with HANSON. Knowing that HANSON was a pedophile that was abusing children, Defendant had a duty to warn or protect foreseeable victims, including Plaintiff.

3.    Furthermore, at all relevant times, the Mormon Church's bishops, stake presidents, scout leaders and Defendant COP's hierarchal officials were all mandatory child abuse reporters pursuant to N.J.S.A. 9:6-8 *et seq.*

4.    COP, through its officials and other Mormon Church leaders, breached both a statutorily mandated duty and a duty of reasonable care by failing to report their knowledge of HANSON's sexual abuse of children to civil authorities and the parents of minor children members of the Ledgewood Mormon Stake..

5.    But for the breach of duty, acts, omissions and deceit of Defendant, COP, HANSON would not have been able to abuse Plaintiff, DAVID V. AMES because HANSON would have been arrested, prosecuted and convicted or would have been in prison or under an order of supervision or would otherwise have been publicly identified as a child molester.

6.    Moreover, Defendant COP adopted guidelines for handling victims of child sexual abuse and sex offenders. Plaintiff, DAVID V. AMES, is of the class of people whom the guidelines were designed to protect. The harm Plaintiff, DAVID V. AMES, suffered as a result of Defendant COP's negligence was the harm contemplated in Defendant COP's Handbook of Instruction to clergy.

7.    Notwithstanding Defendant COP's duty, it failed to train and supervise its hierarchal clergy in the proper implementation of its guidelines, policies and procedures regarding the

treatment of victims of child sexual abuse, to monitor and insure compliance with their guidelines, policies and procedures, treatment of child sexual abusers and reporting of child sexual abuse.

8.    Defendant COP knew, or in the exercise of reasonable care should have known, that its failure to warn  appropriate law enforcement or child protective services agencies about HANSON or to warn foreseeable victims and church members.

9.    As a result of the molestation and breach of trust, Plaintiff, DAVID V. AMES, has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be determined.   As a further result of the sexual abuse, Plaintiff, DAVID V. AMES has incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial.

10.    Defendant COP's conduct was the result of a willful, reckless and outrageous indifference to a highly unreasonable risk of harm and a conscious indifference to the health, safety and welfare of Plaintiff.   Defendant COP's conduct is socially intolerable and Plaintiff gives notice of intent to seek exemplary damages.

**WHEREFORE**, Plaintiff, David V. Ames, hereby demands judgment against Defendant COP for compensatory and punitive damages, interest, costs of suit, attorneys' fees, and such other relief as the court or jury may deem proper.

-10-

## THIRD COUNT
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1.    Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein under this Count.

2.    Defendant COP knew that many children had been sexually molested as a result of its bishops, stake president and other agents having previously failed to report child sexual abuse to civil authorities.

3.    Defendant COP further knew or should have known that it was substantially certain that HANSON would continue to sexually abuse children, including Plaintiff, if it failed to warn parents or failed to report HANSON to civil authorities and that such abuse would result in severe emotional distress to the Plaintiff.

4.    Defendant COP's conduct was an outrageous violation of societal norms and went so far beyond all possible bounds of decency, so as to be regarded as atrocious, and utterly intolerable in a civilized community, and resulted in severe emotional distress.

5.    By permitting HANSON to continue as aforesaid, Defendant COP directed extreme and outrageous conduct toward the Plaintiff in a fashion intended to produce emotional distress, or recklessly in deliberate disregard of a high degree of probability that emotional distress would follow.

6.    As a further result of the sexual abuse, Plaintiff has incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial. As a result of the Defendant COP's conduct, Plaintiff

has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be proved at trial.

**WHEREFORE**, Plaintiff, David V. Ames, hereby demands judgment against Defendant COP for compensatory and punitive damages, interest, costs of suit, attorneys' fees, and such other relief as the court or jury may deem proper.

### FOURTH COUNT
### EMPLOYER LIABILITY FOR EMPLOYEE'S/AGENT'S ACTS
### ADMINISTRATIVE NEGLIGENCE AND RESPONDEAT SUPERIOR

1.     Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein under this Count.

2.     Defendant COP is vicariously and/or directly liable for compensatory and punitive damages since it knew, or had reason to know of the particular unfitness, incompetence, and/or dangerous attributes of HANSON and could reasonably have foreseen that such qualities created a risk of harm to other persons and in particular this Plaintiff whose injuries were proximately caused by HANSON'S characteristics as aforesaid.

3.     Defendant COP is liable for punitive damages in addition to compensatory damages since HANSON'S conduct and characteristics were especially egregious and Defendant COP participated in the conduct as an enabler, by demonstrating willful indifference and by subsequently ratifying HANSON'S intentional acts against Plaintiff by Defendant COP's continued relationship with HANSON as High Priest, Scout leader and Young Men's Leader in New Jersey.

-12-

4.    As a further result of the sexual abuse, Plaintiff has incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial. As a result of the Defendant COP's conduct, Plaintiff has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be proved at trial.

**WHEREFORE**, Plaintiff, David V. Ames, hereby demands judgment against Defendant COP for compensatory and punitive damages, interest, costs of suit, attorneys' fees, and such other relief as the court or jury may deem proper.

## FIFTH COUNT
## CONSPIRACY

1.    Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein under this Count.

2.    Defendant COP, by and through its agents and representatives, agreed or otherwise conspired to cover up incidents of sexual abuse of minors by Melchizedek priests and scout leaders and to prevent disclosure, prosecution and civil litigation including, but not limited to: failure to report incidents of abuse to law enforcement or child protection agencies; denial of abuse it had substantiated; aiding criminal child molesters in evading detection, arrest and prosecution; allowing them to cross state and international borders for purposes of gaining access to uninformed parents whose innocent children could be sexually abused; failure to warn; and by failure to seek out and redress the injuries its priests and scoutmasters had caused. Based on these actions, Defendants COP, HANSON, and other unnamed subordinate agents and

-13-

representatives of COP, all or some of whom owing an independent duty to warn/protect the Plaintiff from sexual abuse, conspired for the unlawful purpose of concealing and suppressing information on the danger and threat that its priests posed to unsuspecting children, including the Plaintiff.

3.    As a further result of the sexual abuse, Plaintiff has incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial. As a result of the Defendant COP's conduct, Plaintiff has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be proved at trial.

**WHEREFORE**, Plaintiff, David V. Ames, hereby demands judgment against Defendant COP for compensatory and punitive damages, interest, costs of suit, attorneys' fees, and such other relief as the court or jury may deem proper.

DATED: July 25, 2006

ROSS & RUBINO, LLP

BY: _____

Stephen C. Rubino
Attorneys for Plaintiff

-14-

## JURY DEMAND

Plaintiff, DAVID V. AMES, hereby demands a trial by jury as to all Counts contained herein.

DATED: July 25, 2006

ROSS & RUBINO, LLP

BY: _____

Stephen C. Rubino
Attorneys for Plaintiff