Alan E. Kraus (AK 3263)
LATHAM & WATKINS LLP
One Newark Center, 16th Floor
Newark, New Jersey 07101-3174
(973) 639-1234

*Attorneys for Defendant Corporation of the President of the
Church of Jesus Christ of Latter-day Saints*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID V. AMES,<br><br>            Plaintiff,<br><br>v.<br><br>CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/k/a the "MORMON CHURCH," and WILLIAM SCOTT HANSON, individually,<br><br>            Defendants. | Civil Action No. 06-CV-3441 (WJM) (RJH)<br><br>**DEFENDANT CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND JURY DEMAND** |

## STATEMENT PURSUANT TO L. CIV. R. 10.1

Defendant Corporation of the President of the Church of Jesus Christ of Latter-day Saints' ("Defendant" or "COP") is a Utah corporation sole, headquartered in Salt Lake City Utah. Upon information and belief, defendant William Scott Hanson ("Hanson") resides at the Adult Diagnostic and Treatment Center, (1-W) 571800C, Eight Production Way, Avenel, New Jersey 07001. Upon information and belief, plaintiff David V. Ames ("Plaintiff") resides in South Portland, Maine.

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, by and through its attorneys, Latham & Watkins LLP, hereby responds to Plaintiff's Complaint and Jury Demand (the "Complaint") as follows:

## JURISDICTION

1. Defendant admits that Plaintiff has alleged damages, exclusive of interest and costs, in excess of $75,000.00, in Paragraph 1 of the section of the Complaint entitled "Jurisdiction."

2. Paragraph 2 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendant admits that jurisdiction is proper pursuant to 28 U.S.C. § 1332 *et seq.*, subject to the constraints of the First Amendment of the Constitution of the United States, and Article I, Paragraph IV of the Constitution of the State of New Jersey. Defendant further admits that venue is proper pursuant to 28 U.S.C. §1391, and that Plaintiff has alleged causes of action sounding in, *inter alia*, sexual battery and violation of N.J.S.A. 2A:61B-1, negligence and breach of fiduciary duty, intentional infliction of emotional distress and conspiracy. Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint entitled "Jurisdiction."

## THE PARTIES

1. Defendant admits that Plaintiff was, at one time, a member of the Ledgewood, New Jersey Ward of the Church of Jesus Christ of Latter-day Saints. Defendant further admits that Plaintiff was born on July 31, 1986, was a minor during the time that he was a member of the Ledgewood, New Jersey Ward, and, upon information and belief, currently resides in the State of Maine. Except as expressly admitted herein, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 1 of the section of the Complaint entitled "The Parties," and on that basis denies those allegations.

2. Defendant admits that it is a Utah corporation sole. Defendant further admits that its principal place of business is located in Salt Lake City, Utah. Except as expressly

admitted herein, Defendant denies the remaining allegations contained in Paragraph 2 of the section of the Complaint entitled "The Parties."

    3.    Defendant admits that one of the ecclesiastical offices of the Church of Jesus Christ of Latter-day Saints (the "Church") is that of President and Prophet. Defendant further admits that the current President of the Church is Gordon B. Hinckley, and that President Hinckley possesses and exercises the authority commensurate with that office as defined by the doctrines and beliefs of the Church. Defendant further admits it is registered and operates, carrying out its religious mission in New Jersey. Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 3 of the section of the Complaint entitled "The Parties."

    4.    Defendant admits that the Church functions geographically based upon the designations of "wards" and "stakes," which are geographically delineated. Defendant further admits that there is also a geographic designation of "area," which is used for certain ecclesiastical administration purposes. Defendant further admits that "wards," "stakes," and "areas," as those terms are used within the Church, are not corporate entities. Finally, Defendant admits that the Church uses the designations of bishops, stake presidents, and area presidents. Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 4 of the section of the Complaint entitled "The Parties."

    5.    Defendant admits that the religious doctrine of tithing is part of the belief and doctrine of the Church and that all members are invited to participate in this practice. Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 5 of the section of the Complaint entitled "The Parties."

    6.    Defendant denies the allegations contained in Paragraph 6 of the section of the Complaint entitled "The Parties."

7. Paragraph 7 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendant admits that N.J.S.A. § 9:6-8.10 is a New Jersey child abuse reporting statute that, under certain circumstances, may impose reporting obligations upon persons, including members of the Church, having reasonable cause to believe that a child has been subjected to child abuse. Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 7 of the section of the Complaint entitled "The Parties."

8. Upon information and belief, Defendant admits that Hanson is a citizen of the State of New Jersey, that Hanson was charged with crimes involving the sexual abuse of minor boys in Utah, Wisconsin and New Jersey, and that Hanson presently resides at the Adult Diagnostic & Treatment Center in Avenel, New Jersey, where he is serving a thirty-year sentence for the molestation and rape of Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 8 of the section of the Complaint entitled "The Parties."

9. Defendant admits that, prior to Hanson's excommunication from the LDS Church, Hanson, as a male over the age of 12, participated in the lay priesthood of the Church as that term is doctrinally defined and understood by the Church. Defendant further admits that Hanson, while a member of the Ledgewood, New Jersey Ward, served in various callings, as that term is doctrinally defined and understood by the Church, including, at different times, as a Blazer leader and Young Men's President. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 8 of the section of the Complaint entitled "The Parties," and on that basis denies those allegations.

## FACTS

1. Defendant admits that persons who are baptized and confirmed into the Church are members of the Church. Defendant further admits that various Church ecclesiastical authorities, in the practice of their religious beliefs and responsibilities, attempt to guide and encourage Church members in their service in the Church. Except as expressly admitted herein, Defendant denies the remaining allegations in Paragraph 1 of the section of the Complaint entitled "Facts."

2. Defendant admits that male members of the Church may be eligible to be ordained into the lay priesthood of the Church beginning at age 12. Defendant further admits that the Church's lay priesthood is comprised of different offices with different responsibilities, and that eligible members of the Church must meet the standards of worthiness, as that term is doctrinally defined by the Church, before being ordained into an office of the priesthood. Defendant further admits that the offices of the lay priesthood of the Church include the offices of Elder and High Priest (in the Melchizedek Priesthood). Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 2 of the section of the Complaint entitled "Facts."

3. Defendant denies the allegations contained in Paragraph 3 of the section of the Complaint entitled "Facts."

4. Defendant admits that the Church is and has been for an extended period of time one of many sponsoring organizations for the Boy Scouts of America. Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 4 of the section of the Complaint entitled "Facts."

5. Defendant denies the allegations contained in Paragraph 5 of the section of the Complaint entitled "Facts."

      6.      Defendant denies the allegations contained in Paragraph 6 of the section of the Complaint entitled "Facts."

      7.      Defendant admits that Hanson, while a member of the Orem, Utah 27th Ward, participated in scouting activities from time to time. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 7 of the section of the Complaint entitled "Facts," and on that basis denies those allegations.

      8.      Defendant admits that, in or about November 1986, Hanson was charged with one count of Attempted Forcible Sodomy and one count of Aggravated Sexual Abuse of a Child in Utah County, Utah. Defendant further states that in or about February 1987, the charge of Aggravated Sexual Abuse of a Child was amended and subsequently reduced to Sexual Abuse of a Child. Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 8 of the section of the Complaint entitled "Facts."

      9.      Defendant admits that, in or about October 1987, pursuant to a plea agreement, Hanson entered a plea of guilty to the charge of Lewdness Involving a Child, a Class A misdemeanor.

      10.      Defendant admits that in or about 1987, Robert O. Hansen ("Hansen") was the bishop of the Orem, Utah 27th Ward in which Scott Hanson was a member. Defendant further admits Hansen was aware of the Utah County criminal charges, and that Hansen addressed the court during Hanson's sentencing hearing. Defendant further admits that, according to the Judgment and Order of Probation entered by the Utah County Court, Hanson was sentenced to probation and therapy, although Hanson was not required to serve jail time or pay a fine or victim reparation fee in connection with his guilty plea to Lewdness Involving a Child. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 10 of the section of the Complaint entitled "Facts," and on that basis denies those allegations.

11. Defendant admits that, at some point in time, Hanson moved from Utah to Dallas, Texas, and states that on information and belief that Hanson did comply with all of the conditions of his probation. Accordingly, Defendant denies the remaining allegations contained in Paragraph 11 of the section of the Complaint entitled "Facts."

12. Defendant denies that Church officials in the Dallas, Texas 3rd Ward "put Hanson in church positions working with youth" despite knowledge of "Hanson's known sexual abuse of boys in Utah," and further states that to the best of Defendant's knowledge, information and belief, Hanson was not an active member of the Dallas, Texas 3rd Ward. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 12 of the section of the Complaint entitled "Facts."

13. Defendant admits that, at some point in time, Hanson moved to West Lafayette, Indiana and may have resided in a local ward in that area. Except as expressly admitted herein, Defendant denies the remaining allegations, if any, contained in Paragraph 13 of the section of the Complaint entitled "Facts."

14. Defendant is without knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the section of the Complaint entitled "Facts," and on that basis denies those allegations.

15. Defendant admits that Hanson moved on multiple occasions, and may have resided, during certain periods of time, in Reston, Virginia and Beaumont, Texas. Defendant further admits that Hanson may have resided in the local ward of the Church in Beaumont, Texas, but states that Hanson was not an active participant in the Beaumont, Texas Ward, and specifically denies that "Hanson was put into the church's scouting program." Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that, while in Beaumont, "Hanson abused more boys, including

DB." Except as expressly admitted herein, Defendant denies the remaining allegations, if any, contained in Paragraph 15 of the section of the Complaint entitled "Facts."

16. On information and belief, Defendant admits that, at some point in time, Hanson moved to Waukesha, Wisconsin, where he resided in a local ward of the Church and served, for a certain period of time, as a First Counselor and Teacher's Quorum Advisor in the Young Men's Presidency. Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 16 of the section of the Complaint entitled "Facts."

17. Defendant admits Hanson moved to Warren County, New Jersey in or about 1998 and resided in the Ledgewood, New Jersey Ward of the Church. Defendant further admits that, while in New Jersey, Hanson participated in the lay priesthood of the Church, as that term is doctrinally defined and understood by the Church, and that, during certain periods of time, Hanson served in youth leadership positions. Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's allegation that Hanson raped Plaintiff, a minor, "on hundreds of occasions and in multiple locations including Warren, Morris and Middlesex counties . . . as well as other locations throughout the United States and Canada," but admits that Hanson has pled guilty to similar New Jersey criminal charges. Defendant expressly denies, however, that Hanson raped Plaintiff "in [scouting and youth leadership] positions" as alleged. Except as expressly admitted herein, Defendant denies the remaining allegations, if any, contained in Paragraph 17 of the section of the Complaint entitled "Facts."

18. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the section of the Complaint entitled "Facts," and on that basis denies those allegations.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the section of the Complaint entitled "Facts," and on that basis denies those allegations.

20. Defendant admits the allegations contained in Paragraph 20 of the section of the Complaint entitled "Facts."

21. Defendant admits the allegations contained in Paragraph 21 of the section of the Complaint entitled "Facts."

22. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the section of the Complaint entitled "Facts."

## FIRST COUNT
## SEXUAL BATTERY AND VIOLATION OF N.J.S.A. 2A:61B-1

1. Defendant repeats and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in the Complaint as set forth above.

2. The First Count of the Complaint is directed to defendant Hanson, not this Defendant, therefore, no response by this Defendant is required. To the extent a response is required, Defendant admits that Plaintiff was at one time a minor who resided in the State of New Jersey, and that Plaintiff was, at one time, a member of the Church who, on occasion, attended the Ledgewood, New Jersey Ward.

3. The First Count of the Complaint is directed to defendant Hanson, not this Defendant, therefore, no response by this Defendant is required. Defendant further states that the allegations concerning N.J.S.A. § 2A:61B-1 *et seq.* state legal conclusions, not facts, to which no response is required. To the extent a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the First Count of the Complaint, and therefore denies those allegations.

4. The First Count of the Complaint is directed to defendant Hanson, not Defendant, therefore no response by this Defendant is required. Defendant further states that the

9

allegations contained in Paragraph 4 of the First Count of the Complaint state legal conclusions, not facts, to which no response is required. To the extent a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the First Count of the Complaint, and therefore denies those allegations.

## SECOND COUNT
## NEGLIGENCE AND BREACH OF FIDUCIARY DUTY

1. Defendant repeats and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in the Complaint as set forth above.

2. Paragraph 2 of the Second Count of the Complaint states legal conclusions, not facts, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 2 of the Second Count of the Complaint.

3. Paragraph 3 of the Second Count of the Complaint states legal conclusions, not facts, to which no response is required. To the extent a response is required, Defendant admits that N.J.S.A. § 9:6-8.10 is a New Jersey child abuse reporting statute that, under certain circumstances, may impose reporting obligations upon persons, including members of the Church, having reasonable cause to believe that a child has been subjected to child abuse. Except as expressly admitted herein, Defendant denies the remaining allegations, if any, contained in Paragraph 3 of the Second Count of the Complaint.

4. Paragraph 4 of the Second Count of the Complaint states legal conclusions, not facts, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 4 of the Second Count of the Complaint.

5. Paragraph 5 of the Second Count of the Complaint states legal conclusions, not facts, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5 of the Second Count of Complaint.

6. Defendant admits that the Church has promulgated general guidelines to assist in helping victims of sexual abuse and sex offenders and that one of the Church's goals is to protect member children, including David Ames, from sexual abuse. Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 6 of the Second Count of the Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of the Second Count of the Complaint.

8. Paragraph 8 of the Second Count of the Complaint is an incomplete sentence to which Defendant cannot respond. To the extent a response is required, Defendant denies the allegations contained in Paragraph 8 of the Second Count of the Complaint.

9. Paragraph 9 of the Second Count of the Complaint states legal conclusions, not facts, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 9 of the Second Count of the Complaint.

10. Paragraph 10 of the Second Count of the Complaint states legal conclusions, not facts, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 10 of the Second Count of the Complaint.

### THIRD COUNT
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. Defendant repeats and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in the Complaint as set forth above.

2. Defendant denies the allegations contained in Paragraph 2 of the Third Count of the Complaint.

3. Defendant denies the allegations contained in Paragraph 3 of the Third Count of the Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of the Third Count of the Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of the Third Count of the Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Third Count of the Complaint.

### FOURTH COUNT
### EMPLOYER LIABILITY FOR EMPLOYEE'S/AGENT'S ACTS ADMINISTRATIVE NEGLIGENCE AND RESPONDEAT SUPERIOR

1. Defendant repeats and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in the Complaint as set forth above.

2. Defendant denies the allegations contained in Paragraph 2 of the Fourth Count of the Complaint.

3. Defendant denies the allegations contained in Paragraph 3 of the Fourth Count of the Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of the Fourth Count of the Complaint.

### FIFTH COUNT
### CONSPIRACY

1. Defendant repeats and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in the Complaint as set forth above.

2. Defendant denies the allegations contained in Paragraph 2 of the Fifth Count of the Complaint

3. Defendant denies the allegations contained in Paragraph 3 of the Fifth Count of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, because Defendant owes no fiduciary duty to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, due to Plaintiff's failure to make reasonable efforts to mitigate or minimize his damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, because Plaintiff's damages, if any, were proximately caused by the acts or omissions of others over whom Defendant had no control or right to control.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, by application of the Charitable Immunity Act, N.J.S.A. § 2A:53-7 *et seq*.

### SIXTH AFFIRMATIVE DEFENSE

While denying any fault with respect to the subject matter of the Complaint, Defendant states that insofar as fault on its part may be found, such fault did not proximately cause any damages allegedly sustained by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

While denying any fault with respect to the subject matter of the Complaint, Defendant states that insofar as fault on its part may be found, such fault is limited pursuant to the Joint Tortfeasors Contribution Law, N.J.S.A. § 2A:53A-1 *et seq.* and/or the New Jersey Joint and Several Liability Statute, N.J.S.A. 2A:15-5.3.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant reserves unto itself all of those defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure and such other defenses, affirmative or otherwise, as may prove through discovery to be applicable.

## NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert such claims, counterclaims, third-party claims, or other claims as investigation and discovery may prove applicable, and hereby reserves unto itself all of its rights associated with any such claim or potential claim.

## TENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend its Answer and Affirmative Defenses if investigation, discovery, and further information warrants such amendment, and further to assert any applicable matters of law during the pendency of this action.

## INCORPORATION OF OTHER AFFIRMATIVE DEFENSES

Defendant incorporates all other affirmative defenses that are set forth by parties to this action to the extent that they are applicable.

## MATTERS OF AVOIDANCE

To the extent Plaintiff's claims are based upon Defendant's exercise of its religious beliefs, they are barred by Defendant's rights under the First Amendment to the United States Constitution and by Article I, Paragraph IV, of the Constitution of the State of New Jersey.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of his Complaint against Defendant and that the Complaint be dismissed with prejudice;

2. That Defendant be awarded its costs of suit, including attorneys' fees, incurred herein;

3. That, pursuant to N.J.S.A. § 2A:15-5.3, if liability were to be established against defendants COP and Hanson (either or both of them), that each of defendants (either or both of them) be severally liable only for its share of fault, if any; and

4. That Defendant be given such other and further relief as the Court deems just and equitable.

LATHAM & WATKINS LLP


By: /s/Alan E. Kraus
Alan E. Kraus (AK 3263)
*Attorneys for Defendant Corporation of the President of the Church of Jesus Christ of Latter-day Saints*

Dates: September 20, 2006

## **CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I hereby certify that to the best of my knowledge the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

By: /s/Alan E. Kraus
    Alan E. Kraus (AK 3263)

DATED: September 20, 2006