Alan E. Kraus
LATHAM & WATKINS LLP
One Newark Center, 16th Floor
Newark, New Jersey 07101-3174
(973) 639-1234
*Attorney for Defendant Corporation of the President of the*
*Church of Jesus Christ of Latter-day Saints*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID V. AMES,<br><br>    Plaintiff,<br>v.<br><br>CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/k/a the "MORMON CHURCH," and WILLIAM SCOTT HANSON, individually,<br><br>    Defendants. | Civil Action No. 06-CV-3441 (WJM) (MF)<br><br>**CERTIFICATION OF ALAN E. KRAUS** |

I, **ALAN E. KRAUS**, of full age, certify and state as follows:

1. I am an attorney at law of the State of New Jersey and a member of the law firm of Latham & Watkins LLP, counsel for Defendant Corporation of the President of the Church of Jesus Christ of Latter-day Saints ("COP") in the above-captioned matter.

2. I submit this Certification of Good Cause pursuant to Local Civil Rule 5.3(c) in support of Defendant's application to the Court to enter the attached Confidentiality Order (the "Protective Order"), which has been consented to by both parties.

3. Plaintiff David V. Ames ("Plaintiff") seeks damages from Defendants William Scott Hanson ("Hanson") and COP for acts of sexual abuse committed by Hanson against Plaintiff.

4. In discovery and because of the nature of the dispute, the parties have requested the production of certain documents and information that require the disclosure of sensitive and/or confidential personal information, and other non-public information.  For example,

documents sought thus far contain highly personal information about Plaintiff, his family and Hanson.  Likewise, other documents sought contain confidential and proprietary information about the COP and members of the Church of Jesus Christ of Latter-day Saints.  As discovery continues, the need to disclose additional confidential and personal information will likely arise.

5. The proposed Protective Order provides that "A Producing Party may, at its option, designate as 'Confidential' such information as the Producing Party in good faith deems confidential, in accordance with Rule 26 of the Federal Rules of Civil Procedure, on the basis that such information constitutes, among other possibilities, private, personal information that, if disclosed, might subject the producing party or some other person or entity to undue embarrassment or otherwise unfairly potentially publicize information that was expected to be held in confidence." (¶ 5 in the proposed Protective Order).

6. Given the sensitive and private nature of the information sought in the discovery of this matter, COP and Plaintiff would suffer serious injury if the Protective Order is not entered to prohibit access to, release of, or use of its confidential and private information by the public or others not involved in this litigation.

7. Consistent with L.Civ.R. 5.3, the proposed Protective Order authorizes the filing of materials under seal with the Court only after entry of a separate order of the Court approving the sealing of specific materials.  (¶ 16 in the proposed Protective Order).

8. Under the terms of the proposed Protective Order, the parties and interested third parties are afforded the opportunity to challenge any confidential designations, motions to seal or specific restrictions placed on such materials.  (¶ 19 in the proposed Protective Order).

10. This lawsuit involves private litigants. No government entities or public officials are named as parties in this lawsuit, and the dispute is not of a public nature.

11. For the foregoing reasons, it is the position of COP that the parties meet the requirements of Federal Rules of Civil Procedure 26(c) and <u>Pansy v. Boro. of Stroudsberg</u>, 23 F.3d 772 (3d Cir. 1994), for entry of the attached Protective Order.  Counsel for Plaintiff has consented to the entry of the attached Protective Order.

     I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                        /S/   Alan E. Kraus  
                                           Alan E. Kraus

Dated:  April 27, 2007