AMES V. CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS et al    Doc. 12
Case 2:06-cv-03441-WJM-MF    Document 12    Filed 05/03/2007    Page 1 of 20
Case 2:06-cv-03441-WJM-MF    Document 11-2    Filed 04/27/2007    Page 1 of 20

Alan E. Kraus (AK 3263)
LATHAM & WATKINS LLP
One Newark Center, 16th Floor
Newark, New Jersey 07101-3174
(973) 639-1234
*Attorney for Defendant Corporation of the President of the
Church of Jesus Christ of Latter-Day Saints*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID V. AMES,<br><br>Plaintiff,<br><br>v.<br><br>CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/k/a the "MORMON CHURCH," and WILLIAM SCOTT HANSON, individually,<br><br>Defendants. | Civil Action No. 06-CV-3441 (WJM) (MF) |

**STIPULATION AND ORDER
GOVERNING CONFIDENTIAL INFORMATION**

**WHEREAS,** the parties to the above-captioned action will be responding to discovery requests in this litigation (the "Litigation" or "Action");

**WHEREAS,** the parties desire that discovery provided in this Litigation to be subject to a confidentiality agreement;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and among the undersigned attorneys for the respective parties hereto, subject to further order of the Court, that the following order concerning confidential information (the "Order") shall govern the handling of documents and any deposition testimony, deposition exhibits,

interrogatory responses, admissions, pleadings, briefs, motions, papers filed with the Court, and any other information produced or given by any party or non-party to any party in connection with the prosecution and defense of the Action.

**Definitions**

1. "Party" or "Parties" shall mean any defendant who has been named in the Action at any time, and any plaintiff.

2. "Producing Party" shall mean any Party or non-party producing documents or other information in the Action.

3. "Receiving Party" shall mean any Party or non-party receiving Confidential l documents or information.

4. "Documents" shall mean anything that may be considered to be a document or tangible thing under the Federal Rules of Civil Procedure including, but not limited to: interrogatory answers served by any Party; responses to requests to admit served by any Party; documents produced by any Producing Party, whether pursuant to formal discovery or by informal agreement; transcripts of and exhibits to depositions taken in the Action; and any portions of any documents filed in the Action that quote from or summarize any of the foregoing documents.

**Designation of Documents**

5. A Producing Party may, at its option, designate as "Confidential" such information as the Producing Party in good faith deems confidential, in accordance with Rule 26 of the Federal Rules of Civil Procedure, on the basis that such information constitutes, among other possibilities, private, personal information that, if disclosed, might subject the producing party or some other person or entity to undue embarrassment or otherwise unfairly potentially

2

publicize information that was expected to be held in confidence.

6. Confidential Information shall not include unaltered copies of any documents in the public domain (as long as they did not become public in violation of this Protective Order).

7. Designation of material as Confidential Information may be made by stamping or otherwise inscribing "Confidential" upon every page of the document that is confidential. If a Producing Party inadvertently produces documents or other materials that it considers to be "Confidential" without such designation, the Producing Party may subsequently designate such documents or other materials as "Confidential" by delivering written notice of such designation to the other Parties and such information shall be treated by the Receiving Party as being so designated from the time the Receiving Party is notified in writing of the change in designation. It shall not be deemed a violation of this Order to have disclosed information not designated Confidential Information that is subsequently so designated if disclosure was made prior to such designation. Any failure of the Parties to designate Confidential Information as "Confidential" shall not be deemed a waiver, in whole or in part, of any claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject that the Parties would otherwise be entitled to invoke against a person or entity who/which is not a Party (who has agreed to the undertaking "Agreement to Be Bound by Protective Order" in Exhibit A, hereto).

8. To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) is produced in such form, the Producing Party may designate such material as Confidential by cover letter referring generally to such matter and by affixing (where possible) a label on the media or its casing indicating such

designation.

9. In the event that non-parties produce Documents or information in connection with the Action, the Parties and all other persons subject to this Order agree that production by non-parties of such Documents or information shall be made subject to the provisions of this Order.

**Designation of Deposition Transcripts**

10. In the case of depositions, designation of the transcript or portion of the transcript (including exhibits) that contains Confidential Information shall be made by a statement by counsel to that effect on the record during the course of the deposition or by written notice, sent by counsel to all Parties within 30 calendar days after receiving a copy of the transcript thereof. All deposition transcripts shall be treated as Confidential within the meaning of this Order during the pendency of the 30-day period for giving written notice. If a Confidential designation is made, either on the record at the deposition or by way of written notice as described above, the Court reporter shall be directed to affix the legend "Contains Confidential Information" on the cover page and the legend "Confidential" on all appropriate pages of the transcript and each copy thereof. The Parties may modify the above designation procedures for any particular deposition through agreement on the record at such deposition, without further order of the Court.

**Use of Confidential Information**

11. No Party, including a Party's agents, consultants, experts, deponents, witnesses and attorneys, receiving Confidential Information shall make use of any such Confidential Information for any purpose whatsoever other than the prosecution or defense of this Action. Confidential Information shall be held in confidence by each person to whom it is disclosed, and may not be disclosed to any person or entity, except as permitted in this Order.

12. Confidential Information shall not be disclosed to anyone other than those persons identified in Paragraph 20 below. All persons receiving Confidential Information shall be bound by the terms of this Order.

13. If any person willfully violates any of the terms hereof, the aggrieved Party may seek any appropriate relief in this Court. The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order, which shall survive the termination of the litigation.

14. If Confidential Information is disclosed in violation of this Protective Order, the party who caused, permitted or was otherwise responsible for the disclosure shall immediately inform the Producing Party of all pertinent facts relating to the disclosure, and shall make every effort to prevent any further disclosure, including any disclosure by any person who received any Confidential Information in violation of this Protective Order.

15. Confidential Information may be referred to in interrogatory answers, responses to requests to admit, pleadings, motions, briefs or other documents filed with the Court, and may be marked as deposition exhibits in the Action; provided that any such paper that is filed with the Court is done so in accordance with Paragraph 16 below.

16. In accordance with L. Civ. R. 5.3, nothing in this Protective Order shall be construed as authorizing the filing of materials under seal with the Court in the absence of a separate Court order authorizing the sealing of specific materials. However, if materials containing Confidential Information of the submitting party are filed with the Court, the submitting party may, at its option, file the materials with a motion to seal pursuant to L.Civ.R. 5.3(c). In seeking an order sealing its own Confidential materials, the burden of persuasion shall rest on the moving party. If the materials being submitted contain Confidential Information of

another party, the submitting party shall notify the interested party of the filing of such materials at least three (3) business days in advance of such filing, and shall state the planned date of filing. The notice shall explicitly enumerate which information within the document was designated as Confidential Information of the other party. If the other party wishes to maintain the confidentiality of the information, that party must file a motion to seal pursuant to L.Civ.R. 5.3(c), which imposes the burden of persuasion on the party seeking the order. The other party shall advise the submitting party of its intent to file the motion to seal at least one (1) business day before the filing. The submitting party must then file the other party's Confidential Information under the designation "confidential materials" and such information will remain sealed pursuant to L.Civ.R. 5.3(c) until such time as the motion to seal is decided. Filing the information under seal shall not prejudice the submitting party's ability to oppose the motion to seal, nor otherwise impede the submitting party from contesting the other party's confidentiality designations as provided for in this Protective Order. Nothing in this provision shall prohibit this Court in its sole discretion from entering an order sealing any and all materials, or relevant portions of materials, designated Confidential pursuant to this Protective Order.

17.   Any Confidential Information that is designated by any Party may be offered into evidence in open court at trial unless the Producing Party obtains an appropriate protective order from the Court. If a party intends to use any Confidential Information at any hearing or other pre-trial proceeding, excluding depositions, counsel for the Producing Party must be given reasonable notice of the other party's intentions. The Producing Party shall have the opportunity to move for the hearing to be placed under seal and/or object to such use, and the parties and the Court shall determine whether and how to tailor disclosure to minimize the risk of harm to the Producing Party. Use of any Confidential Information in any court proceeding shall not waive

6

Case 2:06-cv-03441-WJM-MF   Document 11-2   Filed 04/27/2007   Page 7 of 20

the applicability of this Order as to such material. Parties using Confidential Information in open court shall use reasonable best efforts to minimize disclosure to persons not authorized to see such material pursuant to paragraph 20 below. In the event that an appellate motion or brief that contains Confidential Information is filed in the Action by any Party to this Stipulation and Order (other than Confidential Information already sealed by the District Court, which Information shall be treated in accordance with Third Circuit LAR Misc. 106.0(c)(2)), such Party agrees to consult with the Producing Party concerning the use of such Confidential Information prior to making the appellate filing. If the parties are unable to reach an accord as to the use of such Confidential Information in the appellate filing, the Producing Party may seek an appropriate order from the appellate court. In any such motion, the Producing Party shall have the burden of establishing that the appellate brief or motion should be filed under seal.

18. Nothing in this Order shall prevent the Producing Party from using or disclosing its own Confidential for any purpose as it deems appropriate, without impairing the confidentiality obligations imposed upon all other parties and persons subject to this Order.

### Challenges to Confidentiality Designations

19. A Party or any interested Third Party shall not be obligated to challenge the propriety of a Confidential designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event a Party or any interested Third Party objects to a Confidential designation under this Order by a Producing Party of any document (or part thereof), counsel for the objecting Party shall give written notice to counsel for the Producing Party, identifying the designated document or information to which it objects and its reasons for objection. The Producing Party, within twenty-one (21) calendar days after receiving notice, shall consult with the objecting Party in a good faith effort to attempt to resolve their differences.

7

If the Parties are unable to reach an accord as to the proper designation of the material, the objecting Party shall have twenty-one (21) calendar days from the final meet and confer session to apply to the Court, on duly noticed motion, seeking an order to remove the Confidential designation. In any such motion, the Producing Party claiming the right to designate information as protected as Confidential shall have the burden of establishing the grounds for the designation and treatment of information as entitled to protection in accordance with Rule 26 of the Federal Rules of Civil Procedure or other applicable law. Nothing provided in this Stipulation and Proposed Order shall create any presumption that any information is entitled to Confidential treatment, or any treatment that does not result in the public availability of the information or otherwise lessen the burden on the Producing Party to establish entitlement to protection from public availability under the Federal Rules of Civil Procedure or other applicable law. If a motion is made, any documents or other materials that have been designated Confidential shall be treated accordingly until such time as the Court rules that such material should not be so treated.

**Disclosure of Confidential Information**

20.   Except with the prior written consent of the Producing Party requesting Confidential treatment, no document designated as Confidential and no information contained therein may be disclosed to any person or entity other than the following:

   a)   Any Party and any agent of any Party or an affiliate of any Party.

   b)   Counsel for any Party and any attorneys, paralegals, office clerks, secretaries, outside copying services (including preparation of exhibits, photocopying, document coding, image scanning, jury consulting, or the creation of any computer database from documents containing Confidential) and other personnel working under their supervision and

8

assigned to perform duties in connection with the prosecution or defense of the Action, provided that such persons are informed of the terms of this Order. Such counsel will include both in-house legal staff and outside counsel.

  c) Any person who has authored, received or otherwise been provided access (in the ordinary course, outside the context of this litigation) to the Confidential Information.

  d) Any consultants or experts retained by any counsel of record for any Party who agree to be bound by the terms of this Order, provided that they:

    i) execute the undertaking "Agreement to Be Bound by Protective Order" attached as Exhibit A; and

    ii) provide a copy of each "Agreement to Be Bound by Protective Order" executed pursuant to the paragraph to retaining counsel prior to the intended disclosure.

If these two requirements are satisfied, the expert or consultant may fully disclose any Confidential Information to his or her support staff/assistants. It is not necessary for any member of that support staff/those assistants to sign the "Agreement to Be Bound by Protective Order," but they will nonetheless be deemed bound by the expert's or consultant's execution of the "Agreement to Be Bound by Protective Order."

  e) Any and all witnesses and their counsel during testimony (including depositions); *provided however*, that Confidential Information shall not be so disclosed unless the Party intending to use the Confidential Information with the witness determines in good faith that such disclosure is necessary for the purpose of the testimony.

  f) Any other person whom a Party in good faith determines may be a potential witness at deposition or at trial, who agrees to be bound by the terms of this Order by

9

executing the undertaking "Agreement to Be Bound by Protective Order" attached as Exhibit A.

g) Confidential Information may be disclosed during the deposition of a witness not already allowed access to such information under this Order only if:

i) the Confidential Information was previously received or authored by the witness; or

ii) counsel for the Producing Party agrees that the material may be disclosed to the witness.

In the event of disclosure under this paragraph, only the reporter, deponent, his/her counsel, and persons to whom disclosure may be made, and persons who are bound by the Order, may be present during the disclosure or discussion of Confidential Information. Failure of those persons who are not authorized to receive Confidential Information to leave the room shall constitute substantial justification for counsel to advise the witness that the witness need not answer the question that seeks revelation of the Confidential Information, and the parties may thereafter seek court orders for completion of such deposition. Disclosure pursuant to this paragraph shall not constitute a waiver of the confidential status of the Discovery Matter so disclosed.

h) Any other person whom counsel for the parties agree in writing should have access to such Confidential Information, who agrees to be bound by the terms of this Order by executing the undertaking "Agreement to Be Bound by Protective Order" attached as Exhibit A.

i) Any third-party mediator jointly selected by the Parties (including the Producing Party) to assist in a possible resolution of their disputes.

j) Deposition and trial court reporters, as needed.

k) The Court, court personnel, and jurors.

10

    l)  Any other person whom the Court directs should have access to the Confidential Information.

  21. Prior to the first disclosure of Confidential Information to any person or entity listed in paragraph 20 above (including those persons and entities not required to execute Exhibit A hereto), counsel for the disclosing Party shall deliver a copy of this Order to the person or entity to whom disclosure will be made and explain its terms to such person. Counsel for the Parties shall be responsible for maintaining a list of all persons to whom disclosure of Confidential Information is made subject to a requirement that Exhibit A be executed by the person, as well as copies of the undertakings signed by such persons. The names of persons who have signed the form attached as Exhibit A shall not be discoverable except upon a showing of good cause and by order of the Court. Every person given access to Confidential Information shall not make copies, duplicates, extracts, summaries or descriptions of such material, or any portion thereof, except for use in connection with the Action, and each such copy is to be treated in accordance with the provisions of this Stipulation and Order.

  22. In the event a Party desires to disclose information designated as Confidential by a Producing Party to any person other than those categories of persons enumerated in paragraph 20 above, counsel for the Party wishing to disclose the Confidential Information shall give at least three (3) business days' written notice to counsel for the Producing Party and all other Parties, together with identification of each document or deposition testimony to be disclosed and the identity (name, address, and occupation) of each person to whom such disclosure is intended. The Producing Party or the other Parties shall have three (3) business days thereafter in which to notify counsel seeking disclosure of any objection to such disclosure. In the event that the Producing Party or any other Party objects to the intended disclosure after notice,

11

counsel shall endeavor to negotiate all objections to disclosure. In the event negotiations fail to resolve all objections, counsel for the Party wishing to disclose the Confidential Information may petition the Court, within ten (10) business days after providing written notice to counsel for all Parties and counsel for any relevant Producing Party that a Court order permitting disclosure of Confidential Information will be sought, for an order to allow such disclosure. Upon notification of intent to file such a petition, disclosure shall be prohibited unless and until such a requested order is granted by the Court.

23. Nothing herein shall impose any restrictions on the use or disclosure by a Party of any document, material or information legitimately obtained by such Party independently of the discovery proceedings in the Action. This Order shall not apply to any document, testimony or other information that: (i) is already in the Party's possession, or (ii) is or becomes generally available to the public other than as a result of disclosure in violation of this Order, or (iii) is or becomes available to a Party other than through formal discovery in the Action or any other action involving any of the Parties.

24. Nothing herein shall restrict or preclude any Producing Party from disclosing its own Confidential Information to any person or entity without regard to the provisions of this Protective Order.

25. Nothing herein shall restrict or preclude any Party from responding to a subpoena or other request issued in another action or proceeding. However, upon receipt of a subpoena or other compulsory request for Confidential Information, the Party shall forward a copy of the subpoena or compulsory request to the Producing Party within five (5) business days of service and afford the Producing Party seven (7) business days after the receipt of such notice to contest the production of Confidential Information or sought by the subpoena or other compulsory

request. If the Producing Party fails to seek or obtain an appropriate order, the Party responding to the subpoena or other compulsory request will not be deemed in breach of this Order by producing Confidential Information sought by the subpoena or other request.

26.  In the event that Confidential Information is produced pursuant to subpoena or compulsory process, such information shall continue to be treated as Confidential Information by all persons subject to this Stipulation and Order, unless and until the Court otherwise directs.

**Limitation on Scope of Order**

27.  Nothing in this Stipulation and Order shall affect any privilege or right that any Producing Party might otherwise have against the discovery of any materials sought by any Party. Notwithstanding this Stipulation and Order, any Producing Party may move the Court for an order imposing additional restrictions upon discovery of documents or other material, including, but not limited to, an order that production thereof not be had.

**Inadvertent Production of Privileged Information**

28.  The inadvertent production of documents subject to the attorney-client privilege, the attorney work-product doctrine, the clergy-penitent privilege or any other ground on which production should not be made, will not waive such privileges or protections; provided, however, that this Order shall not prevent any Party from moving to compel production of allegedly privileged documents on any grounds. Upon a request from a Producing Party that has inadvertently produced any document that it believes may be subject to the attorney-client or attorney work-product privilege, or other protections, any Party receiving said document shall immediately return such document, including any summaries and copies thereof that may have been made or distributed, to the Producing Party within five (5) business days of receipt of such notice and shall be barred from using that material or any copies thereof, or any information

13

derived therefrom in the Action or otherwise. Nothing herein, however, shall prevent the Party from moving, on reasonable notice, and on such grounds other than the inadvertent production of such material, for an order challenging the designation of such material as privileged or protected material, and may attach to the motion copies of the material in question; *provided however*, that any such motion shall be filed under seal, as permitted by the Court.

**Binding Effect**

29. The Parties agree to be bound by the terms of this Stipulation and Order pending the entry of this Order, or an alternative thereto that is satisfactory to all Parties, by the Court, and any violation of its terms shall be subject to the same sanctions and penalties, as if this Order had been entered by the Court.

**Amendment**

30. This Order may be amended only by the written agreement of counsel for the Parties and approval of the Court, or upon motion seeking relief from or modification of this Order from the Court. Nothing in this Protective Order shall be construed to prevent a Producing Party from seeking such further provisions regarding confidentiality as it deems appropriate, or to prevent Plaintiff from seeking relief from this Stipulation and Order.

**Disposition on Final Resolution**

31. Within sixty (60) days of the conclusion of the Action, including exhaustion of all appeals, all documents in whatever form, stored or reproduced, or other data designated as Confidential (including summaries and excerpts), other materials that contain or refer to Confidential Information, and all copies thereof, in the possession of or under the control of any Party or officer or employee thereof, counsel retained by such Party, retained expert or other person described in paragraph 20 or 21 hereof, shall be either (a) promptly returned to counsel

for the Producing Party that designated the information as Confidential; or (b) destroyed with certification of such destruction given to the Producing Party, unless otherwise specifically agreed in writing by the Producing Party. However, subject to the terms of this Order, the parties and their counsel may retain copies of briefs and other papers that contain or constitute such Confidential Information, including correspondence, deposition transcripts, trial exhibits of record and attorney's work product (excluding copies of any annexed materials that have been designated as Confidential Information). Any such briefs and other papers shall continue to be treated pursuant to the terms of this Order. Upon the request of counsel for the Producing Party, counsel signing this Stipulation and Order shall provide a letter affirming compliance with the requirements of this paragraph.

**Miscellaneous**

32.    Entering into, agreeing to and/or producing Confidential Information pursuant to, or otherwise complying with, the terms of this Stipulation and Order shall not:

    a)    operate as an admission by any Party that any particular Confidential Information contains or reflects information entitled to protection as confidential and protectable under Federal Rule of Civil Procedure 26;

    b)    prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any Party that the terms and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential Information;

    c)    prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order;

15

       d)    prejudice in any way the rights of a Party as to whether any Confidential Information should be subject to the terms of this Stipulation and Order; or

       e)    prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly Confidential Information.

33.    Neither the act of production of Confidential Information by a Party, nor the receipt of Confidential Information by a Party, shall be deemed to waive any testimonial or other privileges or protections that the Party producing such Confidential Information may otherwise have.

34.    This Stipulation and Order shall be effective immediately and shall survive the conclusion of this Action, unless otherwise ordered by the Court. The Court shall retain jurisdiction to enforce the terms of this Stipulation and Order.

35.    Any party covered by this Stipulation and Order may at any time apply to the Court for relief from any provision of this Stipulation and Order.

36.    The Court may impose appropriate sanctions for the disclosure of Confidential Information in violation of this Protective Order.

37.    This Stipulation and Order may be executed in counterparts. Each counterpart when so executed shall be deemed an original, and all shall constitute the same instrument.

**IT IS SO STIPULATED:**

DATED: ~~January~~ April 26, 2007

LATHAM & WATKINS LLP

_____
ALAN E. KRAUS
*Attorney for Defendant Corporation of the President of the Church of Jesus Christ of Latter-day Saints*

4/25/07

ROSS & RUBINO, LLP

_____
STEPHEN C. RUBINO or Edward J Ross
*Attorney for Plaintiff David Ames*

17

* * *

## ORDER

**IT IS SO ORDERED.**

DATED: May 2, 2007

_____
Honorable Mark Falk, U.S.M.J.

# EXHIBIT A
## Agreement to Be Bound By Protective Order

By my signature, I declare under penalty of perjury that I have read in its entirety and understand the STIPULATED ORDER GOVERNING CONFIDENTIAL INFORMATION ("Protective Order") that was issued on _____ by the United States District Court for the District of New Jersey in the case of *David V. Ames v. Corporation of the President of the Church of Jesus Christ of Latter-day Saints, a Utah corporation sole, a/k/a the "Mormon Church," and William Scott Hanson, individually*, Case No. 06-CV-3441 (WJM) (MF). I agree to comply with and to be bound by all the terms of this stipulated Order Governing Confidential Information and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of New Jersey with respect to all matters relating to compliance with this Confidentiality Agreement and Protective Order.

DATED: _____, 2007

_____

19