William Scott Hanson
SBI #571800C
Adult Diagnostic & Treatment Center
8 Production Way
Avenel, New Jersey 07001
Defendant Pro Se

UNTEC STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW JERSEY
NEWARK, NEW JERSEY 07101

DAVID V. AMES
    Plaintiff

Civil Action No. 06-3441 (WJM)

vs.

**CERTIFICATION**

CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST
OF LATTER-DAY SAINTS, a Utah
Corporation sole, a/k/a/ the "MORMON
CHURCH" and WILLIAM SCOTT
HANSON, individually,
    Defendants

## CERTIFICATION OF ISSUES

William Scott Hanson, the Defendant Pro Se in the above-titled action for Dismissal of Complaint with Prejudice, states and certifies the following facts, statutes of law, and issues have led to his filing this Motion to Dismiss Complaint.

1. Defendant was arrested on July 20, 2000, in Warren County, New Jersey/

2. Defendant pled guilty to seven (7) counts of criminal misconduct, relating to two (2) separate occurrences with the above Plaintiff. These were: (a) two counts, 1st Degree Aggravated Sexual Assault, contrary to _N.J.S.A_. 2C:14-2a; (b) two counts, 2nd Degree

Sexual assault, contrary to *N.J.S.A.* 2C: 14-2c; (c) two counts, 2nd Degree Endangering the Welfare of a Child, contrary to *N.J.S.A.* 2C:24-4a; and one count, 3rd Degree, Aggravated Criminal Sexual Contact, contrary to *N.J.S.A.* 2C:14-3a. Defendant was sentenced on October 26, 2001 to a term of 30 years in prison, with a 15 year parole disqualifier.

3. Defendant received the instant complaint and summons on or about the 20th of August, 2006.

4. Defendant originally agreed to a consent decree regarding an interview and other related matters.

5. Defendant has researched the New Jersey statutes cited by Plaintiff's attorney that permit him to bring the present action against him, which are outside the statutes of the United States, cited as 28 U.S.C. §1332 *et seq.* {jurisdiction} and 28 U.S.C. §1391 (b) {venue}. Neither of these cited statutes from 28 U.S.C. bears on the legitimacy of the action itself, which Plaintiff's attorney cites as *N.J.S.A.* 2A:61B-1, entitled "Sexual Abuse".

6. Plaintiff's attorney mistakenly cites *N.J.S.A.* 2A:61B-1 as the overriding authority that permits civil actions against persons allegedly guilty of this crime. However, the citing authority continues on to say:

> "In any civil action for injury or illness based on sexual abuse, the cause of action shall accrue at the time of reasonable discovery of the injury and its causal relationship to the act of sexual abuse. ***Any such action shall be brought within two years after reasonable discovery.***" (Emphasis added)
>
> *N.J.S.A.* 2A:61B-1(b)

7. Plaintiff's attorney has not taken cognizance of this particular citation because it is diametrically opposed to the stance taken by Plaintiff's attorney.

8. Plaintiff's attorney did not cite <u>N.J.S.A.</u> 2C: 1-6 (g) for the benefit of this Court, and which states the following:

> "Except as otherwise provided in this code, ***no civil action shall be brought pursuant to this code more than five years after such action accrues.***" (Emphasis added)

9. Plaintiff's attorney has not requested nor has he sought a plenary hearing that would toll the statutes of limitations of <u>N.J.S.A.</u> 2A:61B-1, which would have had to be done before this action could be brought, with notice to Defendant. Defendant has not been notified of any attempt by Plaintiff's counsel to apply for said hearing, and it is now too late to do so, because it would still be far outside the statute of limitations under **<u>either</u>** statute cited.

10. Plaintiff cites only <u>N.J.S.A.</u> 2A:61B-1 et seq.; Defendant adds <u>N.J.S.A.</u> 2C:1-6 (g). Each are authorities in their own right, yet neither citation is controlling in this instance because the statute of limitations for such actions, by the admission of the attorney for Plaintiff, has long ago expired: (a) in 2002 for <u>N.J.S.A.</u> 2A:61B-1; and (b) in 2005 for <u>N.J.S.A.</u> 2C:1-6 (g). Plaintiff cannot aggregate these two statutes together and thus arrive at a seven (7) year statute of limitations. One or the other must be chosen and adhered to. This effectively time bars ***any*** action by Plaintiff at this late date. The laws and statutes of the State of New Jersey are there for the express purpose of enforcing the very statutes that give them life. If a statute of limitations has expired, and Plaintiff has made no move for a plenary hearing before filing the action, then the action is time barred under the very statute the Plaintiff cites that he

7

believes gives life to his action. However, there can be no life to this action, because the law was not observed, and this action was filed at least 2 years too late, but more than likely 5 years too late. This cannot be cured by a plenary hearing now, because the Plaintiff had to move for that before any action could be filed. There had to be proven to a court of competent jurisdiction in such as hearing that the Plaintiff could not properly participate and thus the tolling of the statute could be called. But neither the Plaintiff, his counsel nor anyone else has brought this to the Court's attention, and thus the action cannot be given life before this Court. It must be dismissed with prejudice due to the failure of the Plaintiff.

For the foregoing reasons, and for good cause shown, Defendant pleads before this Court to dismiss the complaint registered against him in Civil Case No. 06-3441 (WJM), with prejudice as being time-barred.

Respectfully Submitted:

WILLIAM SCOTT HANSON
Defendant Pro Se