William S. Hanson, SBI #571800C
Adult Diagnostic and Treatment Center
8 Production Way
Avenel, New Jersey 07001
Defendant Pro Se

| | |
|---|---|
| DAVID V. AMES,<br>    Plaintiff,<br><br>vs.<br><br>CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Corporation sole, a/k/a the "MORMON CHURCH," and WILLIAM SCOTT HANSON, individually,<br>    Defendants | UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW JERSEY<br><br>Civil Action No. 06-3441 (WJM)<br><br>**Certification of Mailing** |

    1. I, William Scott Hanson, the undersigned, am the Defendant pro se, in the above-entitled action.

    2. On May 29, 2007, I mailed an original and two copies, via U.S. Postal Service in Avenel, New Jersey, in a sealed envelope with postage prepaid thereon, of the following documents:

        1. Notice of Motion to Dismiss Complaint w/prejudice
        2. Motion to Dismiss Complaint with Prejudice
        3. Certification of Issues
        4. Certification of Mailing/proof of service/Proposed form of Order
        5. Cover Letter

to the United States District Court for filing, Certified, Return Receipt Requested, #7005 1160 0000 6814 7602.

    I also mailed a copy of same to: Stephen C. Rubino, Esq., ROSS & RUBINO, LLP, 8510 Ventnor Avenue, Margate, New Jersey 08402, Certified, Return Receipt Requested, #7006 0100 0002 5027 5519.

    I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully Submitted,

_____
WILLIAM SCOTT HANSON
Defendant Pro Se

Date: _____

**DEFENDANT'S EXHIBITS**

## Chapter 61B. Action for Sexual Abuse

Sec.

§ 2A:61B-1. Definitions; accrual of actions; proceedings.

(L. 1951 (1st SS), c. 344.)

### § 2A:61B-1. Definitions; accrual of actions; proceedings.

a. As used in this act:

(1) "Sexual abuse" means an act of sexual contact or sexual penetration between a child under the age of 18 years and an adult. A parent, resource family parent, guardian or other person standing in loco parentis within the household who knowingly permits or acquiesces in sexual abuse by any other person also commits sexual abuse, except that it is an affirmative defense if the parent, resource family parent, guardian or other person standing in loco parentis was subjected to, or placed in, reasonable fear of physical or sexual abuse by the other person so as to undermine the person's ability to protect the child.

(2) "Sexual contact" means an intentional touching by the victim or actor, either directly or through clothing, of the victim's or actor's intimate parts for the purpose of sexually arousing or sexually gratifying the actor. Sexual contact of the adult with himself must be in view of the victim whom the adult knows to be present.

(3) "Sexual penetration" means vaginal intercourse, cunnilingus, fellatio or anal intercourse between persons or insertion of the hand, finger or object into the anus or vagina either by the adult or upon the adult's instruction.

(4) "Intimate parts" means the following body parts: sexual organs, genital area, anal area, inner thigh, groin, buttock or breast of a person.

(5) "Injury or illness" includes psychological injury or illness, whether or not accompanied by physical injury or illness.

b. In any civil action for injury or illness based on sexual abuse, the cause of action shall accrue at the time of reasonable discovery of the injury and its causal relationship to the act of sexual abuse. Any such action shall be brought within two years after reasonable discovery.

c. Nothing in this act is intended to preclude the court from finding that the statute of limitations was tolled in a case because of the plaintiff's mental state, duress by the defendant, or

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

any other equitable grounds. Such a finding shall be made after a plenary hearing. At the plenary hearing the court shall hear all credible evidence and the Rules of Evidence shall not apply, except for Rule 403 or a valid claim of privilege. The court may order an independent psychiatric evaluation of the plaintiff in order to assist in the determination as to whether the statute of limitations was tolled.

d. (1) Evidence of the victim's previous sexual conduct shall not be admitted nor reference made to it in the presence of a jury except as provided in this subsection. When the defendant seeks to admit such evidence for any purpose, the defendant must apply for an order of the court before the trial or preliminary hearing, except that the court may allow the motion to be made during trial if the court determines that the evidence is newly discovered and could not have been obtained earlier through the exercise of due diligence. After the application is made, the court shall conduct a hearing in camera to determine the admissibility of the evidence. If the court finds that evidence offered by the defendant regarding the sexual conduct of the victim is relevant and that the probative value of the evidence offered is not outweighed by its collateral nature or by the probability that its admission will create undue prejudice, confusion of the issues, or unwarranted invasion of the privacy of the victim, the court shall enter an order setting forth with specificity what evidence may be introduced and the nature of the questions which shall be permitted, and the reasons why the court finds that such evidence satisfies the standards contained in this section. The defendant may then offer evidence under the order of the court.

(2) In the absence of clear and convincing proof to the contrary, evidence of the victim's sexual conduct occurring more than one year before the date of the offense charged is presumed to be inadmissible under this section.

(3) Evidence of the victim's previous sexual conduct shall not be considered relevant unless it is material to proving that the source of semen, pregnancy or disease is a person other than the defendant. For the purposes of this subsection, "sexual conduct" shall mean any conduct or behavior relating to sexual activities of the victim, including but not limited to previous or subsequent experience of sexual penetration or sexual contact, use of contraceptives, living arrangement and life style.

e. (1) The court may, on motion and after conducting a hearing in camera, order the taking of the testimony of a victim on closed circuit television at the trial, out of the view of the jury, defendant, or spectators upon making findings as provided in paragraph (2) of this subsection.

(2) An order under this section may be made only if the court finds that the victim is 16 years of age or younger and that there is a substantial likelihood that the victim would suffer severe emotional or mental distress if required to testify in open court. The order shall be specific as to whether the victim will testify outside the presence of spectators, the defendant, the jury, or all of them and shall be based on specific findings relating to the impact of the presence of each.

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(3) A motion seeking closed circuit testimony under paragraph (1) of this subsection may be filed by:

(a) The victim or the victim's attorney, parent or legal guardian;

(b) The defendant or the defendant's counsel; or

(c) The trial judge on the judge's own motion.

(4) The defendant's counsel shall be present at the taking of testimony in camera. If the defendant is not present, he and his attorney shall be able to confer privately with each other during the testimony by a separate audio system.

(5) If testimony is taken on closed circuit television pursuant to the provisions of this act, a stenographic recording of that testimony shall also be required. A typewritten transcript of that testimony shall be included in the record on appeal. The closed circuit testimony itself shall not constitute part of the record on appeal except on motion for good cause shown.

f. (1) The name, address, and identity of a victim or a defendant shall not appear on the complaint or any other public record as defined in P.L. 1963, c. 73 (C. 47:1A-1 et seq.). In their place initials or a fictitious name shall appear.

(2) Any report, statement, photograph, court document, complaint or any other public record which states the name, address and identity of a victim shall be confidential and unavailable to the public.

(3) The information described in this subsection shall remain confidential and unavailable to the public unless the victim consents to the disclosure or if the court, after a hearing, determines that good cause exists for the disclosure. The hearing shall be held after notice has been made to the victim and to the defendant and the defendant's counsel.

(4) Nothing contained herein shall prohibit the court from imposing further restrictions with regard to the disclosure of the name, address, and identity of the victim when it deems it necessary to prevent trauma or stigma to the victim.

g. In accordance with R. 5:3-2 of the Rules Governing the Courts of the State of New Jersey, the court may, on its own or a party's motion, direct that any proceeding or portion of a proceeding involving a victim sixteen years of age or younger be conducted in camera.

h. A plaintiff who prevails in a civil action pursuant to this act shall be awarded damages in the amount of $10,000, plus reasonable attorney's fees, or actual damages, whichever is greater. Actual damages shall consist of compensatory and punitive damages and costs of suit, including reasonable attorney's fees. Compensatory damages may include, but are not limited to, damages for pain and suffering, medical expenses, emotional trauma, diminished childhood,

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

diminished enjoyment of life, costs of counseling, and lost wages.

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

### § 2C:1-6. Time limitations.

a. A prosecution for any offense set forth in N.J.S. 2C:11-3, N.J.S. 2C:11-4, N.J.S. 2C:14-2 or sections 1 through 5 of P.L. 2002, c. 26 (C. 2C:38-1 through C. 2C:38-5) may be commenced at any time.

b. Except as otherwise provided in this section, prosecutions for other offenses are subject to the following periods of limitations:

(1) A prosecution for a crime must be commenced within five years after it is committed;

(2) A prosecution for a disorderly persons offense or petty disorderly persons offense must be commenced within one year after it is committed;

(3) A prosecution for any offense set forth in N.J.S. 2C:27-2, N.J.S. 2C:27-4, N.J.S. 2C:27-6, N.J.S. 2C:27-7, N.J.S. 2C:29-4, N.J.S. 2C:30-2, N.J.S. 2C:30-3, or any attempt or conspiracy to commit such an offense, must be commenced within seven years after the commission of the offense;

(4) A prosecution for an offense set forth in N.J.S. 2C:14-3 or N.J.S. 2C:24-4, when the victim at the time of the offense is below the age of 18 years, must be commenced within five years of the victim's attaining the age of 18 or within two years of the discovery of the offense by the victim, whichever is later;

(5) A prosecution for any offense set forth in paragraph (2) of subsection a. of N.J.S. 2C:17-2, section 9 of P.L. 1970, c. 39 (C. 13:1E-9), section 20 of P.L. 1989, c. 34 (C. 13:1E-48.20), section 19 of P.L. 1954, c. 212 (C. 26:2C-19), section 10 of P.L. 1984, c. 173 (C. 34:5A-41), or section 10 of P.L. 1977, c. 74 (C. 58:10A-10) must be commenced within 10 years after the date of discovery of the offense by a local law enforcement agency, a county prosecutor, or the Department of Environmental Protection either directly by any of those entities or indirectly by notice given to any of those entities.

c. An offense is committed either when every element occurs or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct or the defendant's complicity therein is terminated. Time starts to run on the day after the offense is committed, except that when the prosecution is supported by physical evidence that identifies the actor by means of DNA testing or fingerprint analysis, time does not start to run until the State is in possession of both the physical evidence and the DNA or fingerprint evidence necessary to establish the identification of the actor by means of comparison to the physical evidence.

d. A prosecution is commenced for a crime when an indictment is found and for a

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

nonindictable offense when a warrant or other process is issued, provided that such warrant or process is executed without unreasonable delay. Nothing contained in this section, however, shall be deemed to prohibit the downgrading of an offense at any time if the prosecution of the greater offense was commenced within the statute of limitations applicable to the greater offense.

e. The period of limitation does not run during any time when a prosecution against the accused for the same conduct is pending in this State.

f. The limitations in this section shall not apply to any person fleeing from justice.

g. Except as otherwise provided in this code, no civil action shall be brought pursuant to this code more than five years after such action accrues.

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.