STEPHEN C. RUBINO, ESQUIRE: SR-0455
EDWARD J. ROSS, ESQUIRE: ER-1803
ROSS & RUBINO, LLP
8510 Ventnor Avenue
Margate, NJ 08402
(609) 487-9864

Attorneys for Plaintiff, DAVID V. AMES

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DAVID V. AMES,

        Plaintiff

vs.

CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/k/a the "MORMON CHURCH," and WILLIAM SCOTT HANSON, individually,

        Defendants

CIVIL ACTION NO. 06 - 3441 (WJM)

**OPPOSITION TO MOTION TO DISMISS COMPLAINT**

## OPPOSITION

Defendant, William Scott Hanson filed a Motion to Dismiss on the grounds that the instant case was brought outside the two year statute of limitations contained in N.J.S.A. §2C:1-6. The Complaint in this matter was filed with the Court on July 26, 2006. *See* CERTIFICATION OF EDWARD ROSS, EXHIBIT A. As indicated in the Complaint, the Plaintiff in this matter, David V. Ames was born on July 31, 1986. Id. At ¶ 1. Plaintiff bases his objection on the fact that the complaint was not filed within either two or five years of his arrest on July 20, 2000. Plaintiff therefore asserts that the complaint is untimely and must be dismissed.

    Plaintiff is incorrect, under New Jersey Law, an action for child sexual abuse is filed within the statute of limitations where it is filed within two years of the Plaintiff reaching the age of

Majority. Phillips v. Gelpke, 2007 WL 1435559 (N.J. 2007), fn 4, *citing* Green v. Auerbach Chevrolet Corp., 127 N.J. 591, 598 (holding that a cause of action for minors does not accrue until their eighteenth birthday). *See* CERTIFICATION OF EDWARD ROSS, EXHIBIT B. In the Phillips case, a child was abused at age 11 and did not file her complaint until age 19. The court held that the complaint was within the statute of limitations stating, "plaintiff had until her twentieth birthday to file her complaint. She filed when she was nineteen and, therefore, her complaint was timely." Phillips v. Gelpke, 2007 WL 1435559 (N.J. 2007), fn 4. *See* CERTIFICATION OF EDWARD ROSS, EXHIBIT B.

The situation here is directly analogous. Although the incidents of abuse happened prior to the defendant's arrest in July 20, 2000, the Plaintiff's cause of action for child sexual abuse did not begin to accrue until he turned eighteen on July 31, 2004. Accordingly, the statute of Limitations did not expire until July 31, 2006. The instant case was filed July 26, 2006, within the statute of Limitations.

Accordingly, the Motion to Dismiss must be DENIED.

June 12, 2007

ROSS & RUBINO

_____
EDWARD J. ROSS, ESQ.
Counsel for Plaintiff
David V. Ames