UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAVID V. AMES,**<br><br>       **Plaintiff,**<br><br>v.<br><br>**CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/k/a the "MORMON CHURCH," and WILLIAM SCOTT HANSON, individually,**<br><br>       **Defendants.** | 06-CV-3441 (WJM)<br><br><br>**ORDER**<br><br>**HON. WILLIAM J. MARTINI** |

       This matter arises Defendant William Scott Hanson's Motion to Dismiss the Complaint filed on June 1, 2007. Defendant Hanson argues that the Complaint as against him, individually, should be dismissed for failing to bring Count One of Plaintiff's Complaint, sexual abuse in violation of N.J.S.A. 2A:61B-1, within the two-year statute of limitations as stated in N.J.S.A. 2A:61B-1(b).[1] Defendant Hanson asserts that the statute of limitations began to run when Defendant Hanson was arrested on July 20, 2000. As this action was filed in July 26, 2006, Defendant Hanson argues that Plaintiff's claims are time barred. Plaintiff opposes the motion.

       N.J.S.A. 2A:61B-1 requires that a civil action for injury or illness based on sexual abuse must be filed within two years after the time of reasonable discovery of the injury and its causal relationship to the act of sexual abuse. Under New Jersey law, the statute of limitations involving a minor's cause of action, in this case a cause of action involving child sexual abuse, does not run until the child reaches the age of eighteen. *See Phillips v. Gelpke*, 190 N.J. 580, 595 n.4 (2007).

       Plaintiff was born on July 31, 1986, and therefore, he did not reach the age of eighteen until July 31, 2004. The two-year statute of limitations began to run on July 31,

---

       [1] Although Defendant Hanson cites the five-year statute of limitations in N.J.S.A. 2C:1-6(g), the Court finds his citation in error as Plaintiff brings his claim under N.J.S.A. 2A:61B-1. Furthermore, the age of eighteen rule would also be applicable to this provision.

2004 and expired on July 31, 2006. This action was filed on July 26, 2006, and thus, the Court finds that Plaintiff's complaint against Defendant Hanson is within the two-year statute of limitations set forth in N.J.S.A. 2A:61B-1.

Based on the foregoing, and for good cause shown,

**IT IS** on this 21st day of September, 2007, hereby,

**ORDERED** that Defendant William Scott Hanson's Motion to Dismiss the Complaint is **DENIED**.

                                          s/William J. Martini
                                          **William J. Martini, U.S.D.J.**